## BENTON v. ROBERTS.

The right of a joint owner to maintain a possessory action depends on the nature of his possession. While he continues to possess *nomine communi* the right does not exist; but where he has possessed *nomine proprio*, and in good faith, for more than a year, he is to all legal intents a just possessor, and in case of a disturbance by the other joint owner, the possessory action will lie. Nor will the fact of commencing a suit for a partition after the institution of the possessory action, in any manner affect the right to recover in the latter, where each party had possessed, for more than a year, a portion of the land in his own right.

BENTON
*v.*
ROBERTS.

APPEAL from the District Court of Carroll, *Curry,* J.

*Stacy* and *Sparrow,* for the plaintiff.

*Bemiss* and *H. A. Bullard,* for the appellant. 1. The parties were joint tenants. That there had been no partition, is proved by the institution of a suit to effect a partition, after this action was commenced. From the very nature of the title of joint tenants, one joint tenant cannot maintain a possessory action against his co-tenant. 2. The cumulation of an action for a partition with the possessory action—in fact, the mere institution of an action for a partition after the possessory action—must dismiss the latter; the action for a partition being in its nature petitory, and consequently incompatible with a suit for a partition. C. P. 57, 150.

The judgment of the court was pronounced by

ROST, J.* This is a possessory action. The plaintiff and defendant were, at the time it was instituted, joint owners of the land, the possession of which is in controversy. The case was tried before a jury, who gave a verdict in favor of the plaintiff, with $1000 damages. The defendant has appealed from the judgment rendered on the verdict.

The main ground relied on by the defendant's counsel is that, from the very nature of the title of joint owners, one cannot maintain a possessory action against another. The right of a party thus situated to maintain a possessory action, depends upon the nature of his possession. As long as he continues to possess *nomine communi,* the right does not exist. But when he has possessed *nomine proprio,* and in good faith, during more than one year, he is to all legal intents a just possessor, and in case of a disturbance by the other joint owners, the possessory action will lie. Troplong, *Presc.* nos. 361, 528, This possession *animo domini* of the joint owner, is expressly recognised by the Louisiana Code, and made the basis of the prescription of thirty years against the title of his partners. Arts. 1228, 1229, 1292.

The plaintiff and the defendant purchased, in 1839, four contiguous lots of land, forming at the time two distinct and separate plantations, and each took possession of one of those plantations. During the first year the plaintiff rented the place taken possession of by him to a person who has testified in the cause. In 1840, he rented it to another person, whose *testimony is* also in the record. Those persons contracted with him as the exclusive possessor of the land, and paid him the rent. The last named delivered up the land to him in 1841, and the plaintiff planted a crop upon it; but before the crop was made, the defendant, who had been living all the time on the adjoining place and cultivated it as his own, took possession, by force, of the premises occupied by the plaintiff, prevented him from gathering the crop, and caused him other damage. The plaintiff's right to maintain his action is clearly made out. The fact that he subsequently instituted a suit for a partition, can in no manner affect it. Each of the parties had possessed, during more than one year, a portion of the land in his own right, and an action of partition was the only proceeding to which they could resort to put an end to that state of things.

The verdict of the jury in relation to the damages is fully sustained by the evidence, and the judgment has done justice between the parties.

*Judgment affirmed.*

---

* EUSTIS, C. J. was present when this opinion was pronounced on the 12th of April, but was absent when it became final by the refusal of an application for a re-hearing.